

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ROBERT G. LOPEZ, an individual,　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
THE ENDURANCE INTERNATIONAL )
GROUP, INC,　　　　　　　　　　　　　)
AARON CHIN, and　　　　　　　　　　)
CARLOS RODRIGUEZ　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　　　)

**17 CV 4774**

Civil Action No.

**JURY TRIAL DEMANDED**

## COMPLAINT FOR TRADEMARK INFRINGEMENT, COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Robert G. Lopez, alleges his complaint against Defendants, The Endurance International Group, Inc., Aaron Chin and Carlos Rodriguez, as follows:

## NATURE OF THE ACTION

1.　　This action arises from Defendants infringement of Plaintiff's "ownership" and exclusive "use" rights in the marks, **LOWER EAST SIDE™** and **LES NYC®**, in conjunction with clothing and related goods.  Despite Plaintiff being the registered owner of the trademark **LOWER EAST SIDE™** and **LES NYC®** and offering various clothing items under such brand names, the Defendants have infringed Plaintiff's rights in the aforementioned marks by manufacturing, printing, producing, promoting, selling, and offering for sale clothing items under Plaintiff's trademarks.  Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation or connection between the Defendants and Plaintiff resulting in the unjust enrichment of Defendants by using Plaintiff's registered trademarks.

Defendants also created, copied, published and exploited an **L Hand© Design** Cap image strikingly similar to a design that Plaintiff has used in connection with his clothing brand and company for many years and a design in which Plaintiff has copyright ownership in.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a) and Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c).  17 U.S.C. §101, et. seq., 17 U.S.C. §501-509 and 28 U.S.C. §1367.

3.      This Court has personal jurisdiction over the Defendants because Defendants engage in continuous and significant business activities in, and directed to the State of New York within this judicial district and because Defendants have committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendants transacts business in this district and have a place of business in the district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district.  Furthermore, the damage to Plaintiff and its intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

5.      Plaintiff, Robert G. Lopez is an individual residing at 230 Clinton Street, Apt. #11C, New York, NY 10002.

6.      Upon information and belief, Defendant The Endurance International Group, Inc. is a Delaware corporation with a principal place of business at 10 Corporate Drive – Suite 300, Burlington, MA 01803.

7.     Upon information and belief, Defendant Aaron Chin is an individual with an address at 319 Grand Street, New York, New York 10002.

8.     Upon information and belief, Defendant Carlos Rodriguez is an individual with an address at 319 Grand Street, New York, New York 10002.

## FACTS

9.     Since at least as early as 1997, Plaintiff Robert G. Lopez has been selling headwear, t-shirts, sweaters, hooded sweatshirts and other clothing items under the **LOWER EAST SIDE™** and **LES NYC®** brand names.

10.    Since at least as early as 1999, Plaintiff has been independently operating a clothing business under the trade name **L.E.S. CLOTHING CO.™**, which has sold headwear, t-shirts, sweaters, hooded sweatshirts and other related clothing items under the marks **LOWER EAST SIDE™**, **LES™** and **LES NYC®**.  Since at least as early as 2010, Plaintiff has also been selling clothing items under the mark **LOYALTY EQUALS STRENGTH™** which is an additional representation of what the **LES™** acronym stands for and represents.

 






11.     In addition to selling and offering for sale clothing items under the **LOWER EAST SIDE™**, **LES NYC®**, **LES™** and **LOYALTY EQUALS STRENGTH™** brand names, Plaintiff has also continuously sold and offered for sale various clothing items including caps, hooded sweatshirts and t-shirts which bear the **THE LOWER™**, **LOWER EAST SIDE™**, **LES™** and **LES NYC®** marks in various font and design styles which are prominently displayed on the front and/or back of the headwear, t-shirts and/or sweaters as well as printed on hang tags, clothing labels, stickers and on clothing product packaging materials.



12.    Plaintiff sells, and promotes the sale of his clothing via his website www.lesclothing.com, through flyer order promotions, and his t-shirts and sweaters are also

available for sale in several retail locations in New York and other States.  From 2012 to 2015 Plaintiff also maintained a Flagship LES Clothing Co. store located at 43 Clinton Street, New York, NY 10002.












13.     Plaintiff advertises his **LES CLOTHING CO™**, **LOWER EAST SIDE™**, **THE LOWER™**, **LES™** and **LES NYC®** brands and clothing items through flyers, posters, stickers and through grass root street marketing methods such as painted "street murals."  Plaintiff also regularly conducts photo shoots of customers who purchase his **LOWER EAST SIDE™** and **LES NYC®** clothing items to be included in magazine advertisements and other marketing materials.





14.    The **LOWER EAST SIDE™** and **LES NYC®** brands and marks has acquired "secondary meaning" in the marketplace in connection with the sale and offering of clothing goods based on Plaintiff's continuous and long standing use of the mark in the apparel industry.

15.    Plaintiff licenses the **LOWER EAST SIDE™** mark to third party clothing companies to be used on clothing goods under his direct control and authorization.

16.    Plaintiff is the registered owner of New York State Trademark Registration No. R31067 and R32849 both for the mark **LOWER EAST SIDE™**.  **(See Exhibit A).**

17.    Plaintiff is the registered owner of United States Trademark Registration No. 4,549,880 for the mark **LES NYC®** which is the abbreviation and/or acronym for the mark **LOWER EAST SIDE NEW YORK CITY™** and **LOYALTY EQUALS STRENGTH NEW YORK CITY**.  **(See Exhibit B).**

18.     Plaintiff is the registered owner of United States Copyright Registration No. VA 1-818-626 for the work under the title "**L Hand" Design**.  (**See Exhibit C**).

19.     Plaintiff is the registered owner of United States Copyright Registration No. VA 1-753-473 for the work under the title **LOWER EAST SIDE MURAL©**.  (**See Exhibit D**).

20.     The mark **LOWER EAST SIDE®** is a federally registered trademark under United States Trademark Registration No. 2,416,437 that has been rendered "**incontestable**" under Section 15 of the Trademark Act and is therefore not open to challenge as to its function as a trademark and brand name as it has been in continuous use as a brand name in excess of fifteen (15) years. (**See Exhibit E**).

21.     Plaintiff has a Co-Existence Agreement with Payless Shoesource Worldwide, Inc. who is the owner of United States Trademark Registration No. 2,416,437 for the mark **LOWER EAST SIDE®,** which allows the parties to co-exist in the marketplace and both utilize the **LOWER EAST SIDE™** mark but limits Payless's use of the mark to "**footwear**" and grants and/or limits Plaintiff's rights in the **LOWER EAST SIDE™** mark to "**t-shirts, sweaters, headwear**" and all other forms of clothing that exclude footwear.

22.     Plaintiff is informed and believes and thereon alleges that Defendants Aaron Chin and Carlos Rodriguez, who are co-owners of the Avant Garde retail store located at 319 Grand Street, New York, NY 10002, are manufacturing, marketing, promoting, selling and offering for sale an extensive catalogue of **LOWER EAST SIDE™** and **LES™** related apparel bearing Plaintiff's **LOWER EAST SIDE™** and **LES™** marks which violate Plaintiff's trademark rights and his copyright in his circular **L HAND Design©** Logo and **LOWER EAST SIDE MURAL©** photograph. (**See Exhibit F**).

23.     Defendant Endurance International Group, Inc. ("EIG") (a major web hosting company) that manages and operates several other subsidiary brands and businesses that also provide web hosting services under its control and direction. Defendant EIG in conjunction with its subsidiary business and brand Unified Layer, are providing an hosting, online store  services

to Defendants Chin and Rodriguez under the domain name www.avantgardeles.com website and platform which provides the ability to purchase headwear and other clothing items that infringe Plaintiff's intellectual property rights.

24.     Plaintiff provided EIG with a DMCA Infringement Notice on June 21, 2017 but it failed to act expeditiously in removing the infringing content as requested by Plaintiff..

25.     The Defendants' use of Plaintiff's trademarks and copyrights are done without authorization or consent and Defendants' use of Plaintiff's trademarks and other intellectual property are not considered "fair use" as Defendants' are using the marks for a profit and commercial gain.

26.     Defendant EIG's conduct is willful at least since June 21, 2017 when it was put on notice of Plaintiff's rights.

27.     Defendants Aaron Chin and Carlos Rodriguez acts of infringement are willful as both individuals were aware of Plaintiff's ownership rights in the **LOWER EAST SIDE™** and **LES NYC®** marks and Defendants were also aware of Plaintiff's **L Hand Design** cap as Defendants Chin and Rodriguez accepted Lopez's LES Clothing Co.™ products to be sold at the Avant Garde store located at 319 Grand Street, New York, New York 10002.  The images below will show the extensive line up of cap designs left with Aaron Chin at the 319 Grand Street store location on July 16, 2016.





28.     Prior to the July 16, 2016 product drop off by Plaintiff at the Avant Garde store at 319 Grand Street, Defendants Chin and Rodriguez were aware of Plaintiff's brand and business as they were advised of the LES Clothing Co.™ brand and company and advised of Plaintiff's previous litigation efforts at enforcing his rights in the LES™ brand against any local business owners by a local designer in which we both have a working relationship with, and hence that conversation is how Plaintiff was introduced to Defendant Chin which lead to Plaintiff's products being taken to promote for sale at the 319 Grand Street store location.

29.     Shortly after Plaintiff's product drop off on July 16, 2017, on or about August of 2016, Plaintiff returned to the store at 319 Grand Street to inquire how the product was selling.

30.     Upon Plaintiff's inquiry of sales regarding his LES™ products for sale at the Avant Garde store, Defednant Chin advised Plaintiff that they were going to focus on clothing releases of their own brand Avant Garde and didn't wish to carry any other brands at the retail location.

31.     Shortly after Plaintiff collected his clothing items that were left for sale at the Avant Garde Store, Defendants Chin and Rodriguez began promoting for sale a cap bearing a L Hand design confusingly similar to the **L Hand Design** cap in which they had knowledge of under Plaintiff's LES Design collection and catalogue.

32.     On or about the Fall of 2016, Defendants Chin and Rodriguez began developing a catalogue of various t-shirt designs that incorporate Plaintiff's trademarks and/or copyrights.

33.     Plaintiff was been contacted by several long-standing customer of his **LES CLOTHING CO™ LOWER EAST SIDE™** and LES NYC® clothing products regarding the **LOWER EAST SIDE™** and **LES™** branded products that are offered and sold by Defendants thinking the products were sponsored, affiliated and/or done in colloboration with Plaintiff and his LES Clothing Co™ company and business.

34.     It is very common for clothing brand owners and companies to do collaborations with other brand owners which makes is very likely for additional and future instances of confusion to occur over the Defendants use of Plaintiff's intellectual property business assets.

35.     The Defendants' use of Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** brands in connection with clothing has already caused and will continue to cause confusion as to the source or affiliation of the source of the clothing related goods bearing the **LOWER EAST SIDE™** and **LES NYC®** marks.  Defendants have several clothing product designs and items that are confusingly similar to various **LOWER EAST SIDE™** and **LES™** designs used on

similar clothing items by Plaintiff including but not limited to the designs shown below. **(See Exhibit G).**

### Designs Used by Plaintiff



**LOWER EAST SIDE**

36.   Defendants have attempted to palm off the good will Plaintiff has established in his **LOWER EAST SIDE™** and **LES NYC®** marks in connection with the sale of clothing.

37.   Defendants acts of infringement are in blatant disregard for Plaintiff's ownership rights of his intellectual property business assets.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

38.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 37 of this Complaint.

39.   The use in commerce by Defendant of an identical and slightly identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services.  Such use by defendant constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff

that will continue if Defendant is not ordered to cease all use of the **LES NYC®** and **LOWER EAST SIDE™** marks.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

40.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 39 of this Complaint.

41.    Plaintiff has the exclusive right to market, brand and provide clothing related goods using the **LES NYC®** and **LOWER EAST SIDE™** marks.

42.    Defendant by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services.  Defendants' activities already have confused the public into believing that Defendants and Plaintiff's clothing goods and accessories come from one and the same source, and defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

43.    Defendant have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

44.    By reason of Defendant's willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

45.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 44 of this Complaint.

46.     Defendant's conduct constitutes deception by which Defendant goods will be palmed off as those of Plaintiff.  Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

47.     Defendant's unauthorized use of Plaintiff's **LOWER EAST SIDE™** and **LES NYC®** marks is likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

48.     By reason of the foregoing, Defendant has infringed and continues to infringe on Plaintiff's common law rights in the **LOWER EAST SIDE™** and **LES NYC®** marks and Defendant has become unjustly enriched by such acts of infringement.

49.     Defendant's unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights.

## FOURTH CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

50.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 49 of this Complaint.

51.     Plaintiff is the creator, author, and owner by assignment of all rights of copyright in an to the L Hand Design logo shown above.

52.     Plaintiff acquired its rights to the L Hand Design logo in 2012 and Plaintiff has offered for sale and sold clothing items bearing the L Hand Design logo since that time.

53.     Defendant, without authorization of Plaintiff as the owner of all rights of copyright in the L Hand Design logo, and in violation of 17 U.S.C. §§101 et seq., has intentionally and willfully copied, distributed, and publicly displayed and sold and/or offered for

sale, a t-shirt design that is identical or in the least, substantially similar to the Plaintiff's copyrighted L Hand Design that is used on his clothing items.

54.    Defendant's actions constitute copyright infringement and have caused and will continue to cause Plaintiff irreparable harm and injury unless enjoined by this Court.

55.    By reason of Defendant's infringement of Plaintiff's copyright in his L Hand Design in connection with clothing, Defendants have derived revenues and profits attributable to said infringement, the amount of which has yet to be ascertained.

56.    Defendant's infringement of Plaintiff's copyright in the L Hand Design for clothing was committed "willfully" as that term is used in 17 U.S.C. §504(c)(2).  At all times mentioned herein, and upon information and belief, Defendants were aware of, and had reason to believe, that its acts constituted infringement of Plaintiff's copyright.

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT

57.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 56 of this Complaint.

58.    Defendant has unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's **LOWER EAST SIDE™** and/or **LES NYC®** marks.

59.    Defendant's actions constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.      Entry of an order and judgment requiring that all defendant, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term **LOWER EAST SIDE™**, **LES NYC®**, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term **LES NYC®**, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the **LES NYC®** mark.

2.      That Defendant be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.      That Defendant be ordered to deliver up for destruction any and all infringing materials bearing the **LOWER EAST SIDE™** and **LES NYC®** marks, and any colorable imitation thereof, in whole or part.

4.      That Plaintiff be awarded punitive damages.

5.      That Defendant be required to place advertisements or send notifications to past and present customers that it improperly has been using the **LOWER EAST SIDE™** and/or **LES NYC®** marks.

6.      That Plaintiff be awarded statutory damages in the amount of $1,000,000.00 for Defendants acts of willful infringement.

7.      That Plaintiff be awarded the cost and disbursements of this action.

8.     That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.


Dated: June 22, 2017                           Respectfully submitted,
     New York, New York                  Robert G. Lopez – Pro Se


                                           Robert G. Lopez
                                           Pro Se Plaintiff
                                           230 Clinton Street – Apt. #11C
                                           New York, New York 10002
                                           (917) 868-1698

**EXHIBIT A**

# New York State Department of State
## Certificate of Trademark Registration

*I Daniel E. Shapiro, Special Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

**Registration Number:** R31067    **Registration Date:** 06/06/07

**Applicant:** ROBERT G. LOPEZ
230 CLINTON STREET APT. #11C
NEW YORK                NY        10002-

**State of Incorporation or Partnership Organization:**

**Class Numbers:** 25

**Date First Used in NYS:** 12/1999    **Date First Used Anywhere** 12/1999

**Trademark Description:**
LOWER EAST SIDE

*The mark is comprised of the words "Lower East Side" In stylized letters with an underline and overline.*

**Description of Goods:** *Clothing, namely, T-shirts, Hooded Sweatshirts, Vest, Hats and Caps as adopted from the USPTO.*

**WITNESS** *my hand and the seal of the State of New York In the City of Albany on this:*

**Thursday, August 16, 2007**

*by:*



**Special Deputy Secretary of State**

*DOS-690 (Rev. 3/01)*

# *New York State Department of State*
# *Certificate of Trademark Registration*

*I, Anthony Giardina, Executive Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | *R32849* | **Registration Date:** | *08/09/16* |
| **Applicant:** | ***ROBERT G. LOPEZ*** | | |
| | *230 CLINTON ST. - APT. 11C* | | |
| | *NEW YORK* | *NY*   *10002-* | |

**State of Incorporation or Partnership Organization:**

**Class Numbers:**            *25*

**Date First Used in NYS:**      *12/01/1999*           **Date First Used Anywhere:**   *12/01/1999*

**Trademark Description:**
*The mark is comprised of the words LOWER EAST SIDE without claim to any particular font, style or design.*

**Description of Goods:**       *Clothing, namely; t-shirts, sweaters, shorts and headwear.*

***WITNESS*** *my hand and the seal of the State of New York in the City of Albany on this:*

*Thursday, August 11, 2016*

*by:*

**Executive Deputy Secretary of State**

**DOS-690 (Rev. 8/13)**

# United States of America

## United States Patent and Trademark Office

# LES NYC

**Reg. No. 4,549,880**

**Registered June 17, 2014**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

LOPEZ, ROBERT G. (UNITED STATES INDIVIDUAL)
230 CLINTON STREET - APT. #11C
NEW YORK, NY 10002

FOR: BASEBALL CAPS AND HATS; HOODED SWEATSHIRTS; SHORT-SLEEVED OR
LONG-SLEEVED T-SHIRTS; T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-0-1999; IN COMMERCE 12-0-1999.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

SER. NO. 85-335,314, FILED 6-1-2011.

ALICE BENMAMAN, EXAMINING ATTORNEY



*Michelle K. Lee*
**Deputy Director of the United States
Patent and Trademark Office**

# EXHIBIT C